BEFORE THE FIRST DIVISION, JANUARY 11, 1945

No. 49940.—Petition 6271–R of Collins & Gissel (Ludwig Baer) (Galveston).

Opinion by OLIVER, P. J.   The machine in question was entered at a value of $3,300 United States currency on the basis of alleged United States value.   The value was advanced to make a value based upon cost of production, resulting in a substantial increase in the dutiable value.   An appeal for reappraisement was filed and decision was rendered holding $3,529.92 to be the proper United States value (Reap. Dec. 4580).   The Government appealed to the appellate division which affirmed the judgment of the single judge (Reap. Dec. 4723).   An appeal was taken to the Court of Customs and Patent Appeals which reversed the lower court finding that there was no United States value for this merchandise as the importer had no stock on hand in this country at the date of exportation.   (*United States* v. *Collins & Gissel* (*Ludwig Baer*), 29 C. C. P. A. 96, C. A. D. 176.)   Thereafter, an application was made to the Supreme Court for a writ of certiorari, which was denied.

During the year 1934, the date of the present importation, about 18 machines were imported into the United States.   The German manufacturer, after investigating the American market, manufactured machines with specifications to meet the requirements of the United States trade.   The importer stated that if any machines were entered at values higher than $3,300 United States currency, it was probably due to the fact that extra equipment was included, or that they were specially built larger machines.   It appeared from the record that the importer conferred with the examiner at the port of New York regarding the value of the beer barrel washing machines on dates both prior and subsequent to

the date of the entry involved herein, and that the customs broker at Houston, who made this entry under his instruction, also conferred with the acting appraiser there prior to making entry of the particular machine under consideration. On the record presented, the court found that the entry was made without any intention to misrepresent the facts or defraud the revenue of the United States. The petition was therefore granted.